IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS MARSHALL JACKSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| P.N.C. BANK NATIONAL ASSOCIATION, et al. | : | NO. 15-1227 |

### MEMORANDUM

**ROBRENO, J.**                                                       **MARCH   , 2015**

Douglas Marshall Jackson, a prisoner incarcerated in Florida and a self-described "sovereign citizen," filed this civil action against P.N.C. Bank National Association ("P.N.C. Bank") and two employees of the bank. Plaintiff claims that the defendants are refusing to "do business" with him and denying him access to money in a bank account that he seeks to use to proceed with numerous lawsuits he filed in the federal courts. Currently before the Court is plaintiff's "Petition for Court Assistance to Pay Filing Fees."

Plaintiff is a frequent litigator in the federal courts who is a "three-striker" for purposes of 28 U.S.C. § 1915(g).[1] *See, e.g., Marshall v. Florida Dep't of Corr.*, Civ. A. No. 08-417, 2009 WL 2351723, at *3 (N.D. Fla. July 29, 2009) ("The Clerk is directed to note that this action was dismissed as malicious under 28 U.S.C. § 1915(e)(2)(B)(i)."); *Jackson v. Singletary*, N.D. Fla.

---

[1] According to § 1915(g), a prisoner who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 310-11 (3d Cir. 2001) (en banc). "[A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013).

Civ. A. No. 98-26 (dismissing case as frivolous); *Jackson v. Fla. Dep't of Corr.*, N.D. Fla. Civ. A. No. 97-58 (dismissing case as frivolous and for failure to state a claim); *see also Jackson v. Fla. Dep't of Corr.*, S.D. Fla. Civ. A. No. 13-14456 (Dec. 12, 2013 report and recommendation listing over 30 cases filed by plaintiff, several of which were dismissed as frivolous); *Marshall v. Florida Dep't of Corr.*, Civ. A. No. 09-78, 2009 WL 1873745, at *1 (N.D. Fla. June 27, 2009) (treating plaintiff as a three-striker). This is at least the third time he has brought an action against P.N.C. Bank and its employees seeking to require them to provide access to money so that he can proceed with numerous federal lawsuits. *See Jackson v. PNC Bank*, S.D. Fla. Civ. A. No. 13-14329; *Jackson v. PNC Bank, N.A.*, E.D. Pa. Civ. A. No. 11-7933.

Before a plaintiff may proceed with a civil action, he must either pay the applicable fees or be granted leave to proceed *in forma pauperis*. *See* 28 U.S.C. §§ 1914 & 1915. Generally speaking, if a plaintiff were incapable of accessing money he could use to pay the filing fee and otherwise indigent, he would likely be entitled to *in forma pauperis* status. In this case, however, plaintiff is ineligible for *in forma pauperis* status because he has accumulated at least three strikes under § 1915(g) and he is not in imminent danger of serious physical injury. Accordingly, to the extent plaintiff's petition can be construed as a request to proceed *in forma pauperis*, it is denied.

In reality, plaintiff's petition for Court assistance paying the filing fees is tantamount to requesting injunctive relief on his complaint. But any such request for relief is not properly before the Court unless plaintiff pays the filing fee and administrative fee necessary to commence this case. That he may not be able to do so is simply a consequence of 28 U.S.C. § 1915(g), which precludes three-strikers from proceeding unless they pay the applicable fees without regard to the merits of the suit or the reasons why they are unable to pay those fees. *See*

*Abdul-Akbar*, 239 F.3d at 314 (section 1915(g) precludes three-strikers from proceeding without paying the filing fee "no matter how meritorious subsequent claims may be").

For the above reasons, plaintiff's petition for court assistance to pay the filing fees is denied. An appropriate order follows.